IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUCIANO PROLOGO,

    *Appellant*,

    v.

FLAGSTAR BANK, FSB, *et al.*,

    *Appellees*.

_____

*In re* LUCIANO PROLOGO,

    *Debtor*.

Civil Action Nos.    ELH-12-54
&
ELH-12-55

*Adversary Proceeding No. 11-301 & Bankruptcy Case No. 10-19378 (Chap. 11) in the United States Bankruptcy Court for the District of Maryland*

**MEMORANDUM OPINION**

These two appeals arise from orders of the Bankruptcy Court entered in a Chapter 13 bankruptcy proceeding initiated by Luciano Prologo, appellant, and an adversary proceeding emanating from Prologo's bankruptcy case. On the dates that appellant's briefs were due in this Court, *see* Fed. R. Bankr. P. 8009(a)(1), appellant filed motions for a ninety-day extension of the briefing schedule in each case (ELH-12-54, ECF 3; ELH-12-55, ECF 3 & 4). I issued an Order in each case (ELH-12-54, ECF 4; ELH-12-55, ECF 5), holding *sub curia* appellant's motions for extension of time and questioning whether this Court has appellate jurisdiction. In particular, I directed appellant to brief whether the orders from which he appeals are final, appealable orders or, in the alternative, to file motions for leave to appeal. *See* Fed. R. Bankr. P. 8003. I also solicited the position of any other party as to whether the Court possessed appellate jurisdiction.[1]

---

[1] I have considered Prologo's responses to my Order, *see* ELH-12-54, ECF 11 & 12; ELH-12-55, ECF 12 & 13, as well as responses filed by appellee Flagstar Bank, FSB. *See* ELH-12-54, ECF 16; ELH-12-55, ECF 17. Notably, in his responses, Prologo did not seek leave to appeal from the Bankruptcy Court's orders on an interlocutory basis; rather, he insisted that they are final, appealable orders. Pursuant to Local Rule 105.6, I find that the issues presented can be

After the appeals were docketed, the Bankruptcy Court converted the underlying bankruptcy case from a Chapter 13 proceeding to a Chapter 11 proceeding. I conclude that the conversion of the bankruptcy case to a proceeding under Chapter 11 renders both appeals moot. Therefore, they will be dismissed. In the alternative, neither appeal is from a final, appealable order, and leave to appeal on an interlocutory basis is not warranted. This presents a further, independently sufficient ground for dismissal of the appeals. Accordingly, I will dismiss the appeals, without prejudice, and will deny, as moot, Prologo's motions for extensions of time.

**Background**

In February 2009, Mr. Prologo refinanced his home, consisting of real property located at 8908 Rusty Anchor Road, Unit No. 209, in Ocean City, Maryland (the "Property"). On or about February 19, 2009, pursuant to the refinancing, Prologo executed a Deed of Trust to the Property in favor of Flagstar Bank, FSB ("Flagstar"), appellee. *See* Adversary Complaint ¶ 7 (ELH-12-55, ECF 1-55); *see also* Deed of Trust, Ex.1 to Complaint (ELH-12-55, ECF 1-54).

On or about April 27, 2010, Prologo initiated the underlying bankruptcy proceeding (Bankruptcy Case No. 10-19378) by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and listed Flagstar as a creditor.[2]  Adversary Complaint ¶ 6. One month later, on or about May 28, 2010, Flagstar recorded the Deed of Trust in the Land Records of Worcester County, Maryland. *Id.*

Prologo initiated the underlying adversary proceeding (Adversary No. 11-301)[3] by filing in the Bankruptcy Court a two-count Adversary Complaint against Flagstar and Ellen W. Cosby,

---

resolved without a hearing.

[2] The bankruptcy was later converted to a Chapter 13 proceeding. *See* Adversary Complaint ¶ 6. As noted, after the orders at issue were entered, the bankruptcy was again converted, this time to a Chapter 11 proceeding.

[3] A variety of matters that may arise in a bankruptcy case can be resolved in an

the Chapter 13 Trustee ("Trustee"), in which he sought the following relief: in Count I, a declaration, on his behalf and on behalf of the Trustee, that the Deed of Trust and any interest in the Property on the part of Flagstar are void, unperfected, and unsecured; and, in Count II, a declaration that, by recording the Deed of Trust, Flagstar willfully violated the automatic stay in bankruptcy, *see* 11 U.S.C. § 362, and an award of compensatory damages and attorney's fees against Flagstar for violation of the automatic stay.

Flagstar moved to dismiss the Adversary Complaint, *see* Motion to Dismiss (ELH-12-55, ECF 1-41), and also filed a motion in the underlying bankruptcy proceeding asking the court to allow Flagstar to file a late proof of claim with respect to the debt allegedly secured by the Deed of Trust (ELH-12-54, ECF 1-21).  Prologo filed an objection to Flagstar's belated proof of claim (ELH-12-54, ECF 1-18).  The Bankruptcy Court consolidated Prologo's objection into the adversary proceeding (ELH-12-54, ECF 1-13), and held a hearing on the objection and Flagstar's motions on October 18, 2011.  *See* Proceeding Memo (ELH-12-55, ECF 1-19).

At the hearing, the Bankruptcy Court ruled that "in substance" Count I of the Adversary Complaint was a "lien avoidance action" under 11 U.S.C. § 544, and that "it is the Trustee that has the statutory power" to prosecute a lien avoidance action.  *See* Transcript at 52 (ELH-12-54, ECF 14; ELH-12-55, ECF 15).  Moreover, the Bankruptcy Court observed that "the Trustee has subsequently brought such an action to avoid the lien," and that, "[t]o the extent that the Debtor might have had some sort of secondary standing that could be invoked [if the] Trustee wasn't acting, that is not present here today."[4]  Transcript at 52.  Therefore, in the Bankruptcy Court's

---

"adversary proceeding," *see* Fed. R. Bankr. P. 7001 *et seq.*, which is, in essence, "a lawsuit brought within a bankruptcy proceeding."  *In re Duncan*, 448 F.3d 725, 726 n.1 (4th Cir. 2006).

[4] A few weeks before the hearing, the Trustee had initiated its own separate adversary proceeding against Flagstar, seeking "an order declaring the lien of Flagstar against the Property void."  *Cosby v. Flagstar Bank, FSB*, Adversary No. 11-808, ECF 1 (Bankr. D. Md., filed Oct. 6,

view, Prologo lacked "standing to pursue [his] complaint" as to Count I, and that count was subject to dismissal.  *Id.*  In addition, the Bankruptcy Court said: "By dismissing count one, I believe I have dismissed the Trustee from the adversary proceeding. Because the Trustee is not involved in the violation of the automatic stay." *Id.* at 55-56.

As to Count II of the Adversary Complaint, the Bankruptcy Court agreed with Prologo that Flagstar's "filing of this lien would be void because it was taken in violation of the automatic stay and without permission to file it." *Id.* at 53.  However, the court reasoned that the fact that the recordation of the Deed of Trust was a "void action" did not "mean that . . . the lender doesn't have a security interest in the property.  It is just one that can't be enforced against the other creditors during the life of the [bankruptcy] plan." *Id.*  Further, as the Bankruptcy Court saw it, "questions remain whether there are any damages that flow" from "the void act in filing the lien in violation of the automatic stay." *Id.* at 55.  According to the Bankruptcy Court, "in this case it is difficult to focus on just what those damages are or might be," and "the Debtor has not clearly alleged what those damages are." *Id.*  Therefore, it determined that the appropriate course was to dismiss Count II with leave to amend, so that Prologo could more clearly articulate his alleged damages. *See id.* at 55-56.

Finally, with respect to Flagstar's late-filed proof of claim, the Bankruptcy Court opined, *id.* at 66-67:

> My view of a case in which a secured creditor . . . comes in with a late proof of claim in a Chapter 13 case is that it is normally best to have the creditor involved in the case because the claim of security has to be dealt with in some

2011).  Although the record on appeal does not contain either the parties' submissions in Adversary Proceeding No. 11-808 or certain other documents docketed in the proceedings on appeal after the appeals were noted, this Court may take judicial notice of the records of the Bankruptcy Court.  *See Anderson v. FDIC*, 918 F.2d 1139, 1141 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records."); *accord In re Modanlo*, 342 B.R. 238, 241 n.7 (D. Md. 2006).

fashion or the debtor's Chapter 13 plan will ultimately prove ineffective to grant [the] debtor relief.

* * *

In my way of thinking it is better to have it in the Chapter 13 case, even though I am not sympathetic to the secured creditor's deliberate decision not to file on time or to participate.

* * *

So I am going to grant the motion to allow the claim to be filed. This . . . is without prejudice to all objections to the claim. It does not say that the claim is valid. It simply allows it to be filed.

On October 31, 2011, the Bankruptcy Court entered an Order in Prologo's adversary proceeding ("Adversary Order") (ELH-12-55, ECF 1-18), dismissing Prologo's claims against the Trustee "with prejudice"; dismissing Count I of the Adversary Complaint against Flagstar "with prejudice"; and dismissing Count II of the Adversary Complaint against Flagstar "with leave to amend within thirty (30) days of the date of this Order." As grounds for the Adversary Order, the Bankruptcy Court identified "the reasons stated on the record on October 18, 2011."

The same day, the Bankruptcy Court entered an Order in the underlying Chapter 13 proceeding allowing Flagstar's late-filed proof of claim, again citing "the reasons stated at the hearing on October 18, 2011" ("Claim Order") (ELH-12-54, ECF 1-10). In the Claim Order, the Bankruptcy Court said that Flagstar's proof of claim was "deemed to have been timely filed." It stated: "[N]othing in this Order shall prevent the Debtor and any other creditors or party in interest from objecting to the Flagstar Proof of Claim on any basis, except that no objections may be filed on the basis that the Flagstar Proof of Claim was not timely filed."

On or about November 14, 2011, Prologo filed a notice of appeal as to each Order. *See* ELH-12-55, ECF 1; ELH-12-54, ECF 1.[5]  Thereafter, on November 17, 2011, Prologo filed a

---

[5] Deficiency notices were generated by the Clerk's Office in the Bankruptcy Court with regard to Prologo's failure to pay the $255 filing fee for each notice of appeal. *See* ELH-12-55, ECF 1-15; ELH-12-54, ECF 1-8. It is not clear from the record whether the filing fees were ultimately paid. I will assume, *arguendo*, that they were.

"Motion to Extend Time to Amend Count II of Adversary Proceeding" (ELH-12-55, ECF 1-14) by fifteen days, which the Bankruptcy Court granted (ELH-12-55, ECF 1-11).

In the midst of delays in designation of the contents of the record on appeal, which are unnecessary to catalog, Prologo filed a "Second Motion to Extend Time to Amend Count II of Adversary Proceeding"on December 15, 2011 (ELH-12-55, ECF 1-7), this time seeking an extension until January 15, 2012, to file an amended complaint. The Bankruptcy Court granted the second extension motion on December 19, 2011 (ELH-12-55, ECF 1-4).

The appeal from the Adversary Order was docketed in this Court on January 6, 2012, as Civil Action No. ELH-12-55. The appeal from the Claim Order was docketed on January 9, 2012, as Civil Action No. ELH-12-54.

On January 17, 2012, Prologo filed in the underlying adversary proceeding an "Amended Complaint for Violation of Automatic Stay Herein" ("Amended Adversary Complaint"). *See Prologo v. Flagstar Bank, FSB*, Adversary No. 11-301, ECF 51 (Bankr. D. Md., filed Jan. 17, 2012).[6] In substance, the Amended Adversary Complaint reiterated the allegations of Count II of Prologo's original Adversary Complaint, and contained further detail as to his allegations of damage arising from Flagstar's violation of the automatic stay. Prologo sought compensatory damages and attorney's fees "as proven at trial," and $20,000 in punitive damages. Subsequently, Flagstar filed a motion to dismiss the Amended Adversary Complaint, *see id.* ECF 56 (filed Feb. 3, 2012), which Prologo opposed. *See id.* ECF 57 (filed Feb. 17, 2012); ECF 58 (filed Feb. 20, 2012). The Bankruptcy Court has yet to rule on that motion.

---

[6] Although Prologo had only been afforded until January 15, 2012, to amend his complaint, the Bankruptcy Court subsequently entered an Order retroactively extending to January 17, 2012, the time to amend. *See Prologo v. Flagstar Bank, FSB*, Adversary No. 11-301, ECF 52 (Bankr. D. Md. Jan. 24, 2012).

As noted, on the dates that appellant's briefs were due in this Court, Prologo filed a motion in each appeal seeking a ninety-day extension of time to file his brief.  *See* ELH-12-54, ECF 3; ELH-12-55, ECF 3 & 4.[7]  As grounds for the requested extensions, Prologo stated that he had "moved to convert this case to a proceeding under Chapter 11, which if granted may moot some or all aspects of this appeal."  ELH-12-55, ECF 3 at 1-2.  He also advised that he "has ordered a transcript of the October 18, 2011 hearing, and . . . is advised that [the transcript] will be ready within 14 days."[8]  ELH-12-55, ECF 4 at 6.

Indeed, Prologo had moved to convert the bankruptcy case to a proceeding under Chapter 11.  *See In re Prologo*, Case No. 10-19378, ECF 156 (Bankr. D. Md., filed Jan. 6, 2012).  Both Flagstar and the Trustee opposed conversion.  *See id.* ECF 163 (filed Jan. 10, 2012); ECF 164 (filed Jan. 11, 2012).  Thereafter, the Trustee filed a motion in her adversary action (*i.e.*, Adversary Proceeding No. 11-808) and in the underlying bankruptcy case, asking the Bankruptcy Court to approve a proposed settlement between the Trustee and Flagstar that would resolve the avoidance of Flagstar's lien on the Property.  *See In re Prologo*, Case No. 10-19378, ECF 167 (Bankr. D. Md., filed Jan. 13, 2012).  Prologo opposed the Trustee's motion.  *See id.* ECF 172 (filed Jan. 30, 2012).

On February 21, 2012, the Bankruptcy Court held a hearing on Prologo's motion to convert to Chapter 11 and the Trustee's motion to approve the settlement.  No transcript of that hearing has been prepared, and no subsequent order has been filed in the Trustee's adversary

---

[7] In an appeal to a district court from an order of a bankruptcy court, the appellant's brief is due fourteen days after entry of the appeal on the docket in the district court. Fed. R. Bankr. P. 8009(a)(1). Thus, appellant's brief in Case No. ELH-12-55, with respect to the Adversary Order, was due on January 20, 2012. His brief in Case No. ELH-12-54, with respect to the Claim Order, was due on January 23, 2012.

[8] Although a transcript was not contained in the record when the appeals were docketed, the transcript of the hearing of October 18, 2011, was subsequently docketed in each appeal. *See* ELH-12-54, ECF 14; ELH-12-55, ECF 15.

proceeding regarding the Trustee's motion to approve the settlement.  However, the Bankruptcy Court's notes from the hearing have been docketed.  *See Cosby v. Flagstar Bank, FSB*, Adversary No. 11-808, ECF 21 (Bankr. D. Md., filed Feb. 21, 2012).  They indicate that the court was inclined to approve the proposed settlement if it was modified to make two "clarifications."  *Id.*  First, the court reasoned that the settlement proceeds could not be distributed according to an agreed distribution to certain creditors, as the proposed settlement provided, but could only be distributed pursuant to a confirmed Chapter 13 plan, proposed by the debtor.  *See id.*  Second, the court opined that the settlement needed to include a specific statement that the settlement was without prejudice to Prologo's claims against Flagstar and Prologo's defenses, if any, against collection and foreclosure efforts on the mortgage.  *See id.*  Finally, the court noted: "N.B. This settlement proposal may be mooted by the subsequent conversion of the case to Chapter 11."  *Id.*

On March 1, 2012, the Bankruptcy Court issued an Order in the bankruptcy proceeding, converting the bankruptcy case to a Chapter 11 proceeding.  *See In re Prologo*, Case No. 19378, ECF 181 (Bankr. D. Md. Mar. 1, 2012).

## Discussion

The Bankruptcy Court's conversion of the underlying bankruptcy case to a proceeding under Chapter 11 has rendered moot both of the pending appeals.  Moreover, even if the appeals are not moot, neither of the orders from which Prologo appealed are final, appealable orders, nor are they appropriate candidates for interlocutory appellate review.  I shall explain.

### A.  Mootness

"'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction. . . . [A] case is moot when the issues presented are no longer "live" or the parties

lack a legally cognizable interest in the outcome.'" *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) (citation omitted).  "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *accord Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007).

"The conversion of a [bankruptcy] petition from one chapter to another generally moots an appeal taken from an order in the original chapter." *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010).  This is not so much a statement of an ironclad rule of law (because exceptions to the principle arise in a variety of circumstances, *see, e.g.*, *id.* at 755-756 (holding that appeal from disallowance of unsecured claim was not rendered moot by conversion from Chapter 13 to Chapter 7)), as it is an acknowledgment of the reality that the changes entailed by conversion from one chapter of the Bankruptcy Code to another can often render a decision in the pre-conversion proceeding irrelevant.

After the underlying appeals were docketed, appellant's bankruptcy case was converted from a Chapter 13 proceeding to a Chapter 11 proceeding.  "Both Chapter 11 (Reorganization) and Chapter 13 (Adjustment of Debts of an Individual With Regular Income) allow bankruptcy relief without liquidation."  *In re Bell*, 225 F.3d 203, 220 n.26 (2d Cir. 2000).   Certain distinctions between the two chapters are relevant here.

The Fourth Circuit explained the contours of a Chapter 13 bankruptcy proceeding in *In re Litton*, 330 F.3d 636, 640 (4th Cir. 2003) (footnotes omitted):

Under Chapter 13 of the Bankruptcy Code, individuals with regular income may petition a bankruptcy court for bankruptcy protection and for reorganization of their debts. After a Chapter 13 petition has been filed, all claims against the petitioning debtor's assets are automatically stayed. *See* 11 U.S.C. § 362(a). A trustee, appointed by the government, oversees the administration of the debtor's assets, or the "bankruptcy estate." *See id.* § 704. After filing a Chapter 13 bankruptcy petition, a debtor must propose a "plan of reorganization," which is scrutinized both by the bankruptcy court and by the parties-in-interest, i.e., the debtor's creditors and the bankruptcy trustee, in a confirmation hearing. *See id.* § 1324. At the confirmation hearing, the parties-in-interest are entitled to object to the court's confirmation of the proposed plan. *Id.* If the proposed plan is confirmed by the bankruptcy court, and if the debtor complies with the plan's terms, the debtor obtains a discharge of his debts.

Although it is ordinarily "more advantageous for an individual who is eligible to file under either chapter to file under Chapter 13," *Bell*, 225 F.3d at 220 n.6, it is "settled that individuals may file [bankruptcy] petitions under Chapter 11, whether or not they are engaged in business as sole proprietors." *Id.* at 220 (citing *Toibb v. Radloff*, 501 U.S. 157, 161 (1991)); *see also Litton*, 330 F.3d at 640 n.3 ("Chapter 11, like Chapter 13, is available for use by individuals."). Nevertheless, Chapter 11 "was primarily intended for business reorganizations," and thus is often "not an attractive vehicle for individual consumer bankruptcies," because its "procedures are complex, requiring greater disclosure and reporting to court and creditors." *In re Bell*, 225 F.3d at 220; *see also Litton*, 330 F.3d at 640 n.3 ("Chapter 11 is primarily used by business debtors.").

"The essence of Chapter 11 is to provide a mechanism for the reorganization of a financially distressed business or individual in the hope that a profitable and productive member of its economic community can once again emerge." 1 COLLIER ON BANKRUPTCY § 1.07[3], at 1-31 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. Dec. 2011 Supp.) ("COLLIER"). Although there are many differences between Chapter 11 and Chapter 13 proceedings, *see, e.g. In re Regional Bldg. Sys., Inc.*, 254 F.3d 528, 532-33 (4th Cir. 2001) (discussing differences), the

most salient difference for present purposes is that "[t]rustees in chapter 11 cases are the exception rather than the rule," 7 COLLIER § 1101.1[2], at 1101-3, while appointment of a trustee is mandatory in Chapter 13 cases. *See* 11 U.S.C. § 1302(a); *see also Smith v. Rockett*, 522 F.3d 1080, 1084-85 (10th Cir. 2008) ("Typically there is no trustee in a Chapter 11 case.  A trustee is always appointed in a Chapter 13 case.") (internal footnote and citations omitted).

Rather than a trustee, the debtor ordinarily manages the bankruptcy estate in a Chapter 11 proceeding, acting as the "debtor in possession."  11 U.S.C. §§ 1101(1), 1107.  To be sure, a "debtor-in-possession does not act in his own interests, but rather in the interests of the creditors." *In re J.T.R. Corp.*, 958 F.2d 602, 605 (4th Cir. 1992).  The debtor in possession is a fiduciary to the creditors, and owes the same duties as a trustee.  *Id.* at 604; *accord In re Southeast Hotel Properties Ltd. P'ship*, 99 F.3d 151, 152 n.1 (4th Cir. 1996).  The Bankruptcy Code permits a trustee to be appointed in a Chapter 11 case, upon the filing of a motion, with notice and an opportunity to be heard, "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management," or "if such appointment is in the interests of creditors." 11 U.S.C. § 1104(a)(1)-(2).

Ultimately, whether the standard has been met for appointment of a trustee in a Chapter 11 case is committed to the discretion of the bankruptcy court.  *See, e.g.*, *In re G-I Holdings, Inc.*, 385 F.3d 313, 321 (3d Cir. 2004); *see also Cmte. of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 242 (4th Cir. 1987).  Nevertheless, "[a]ppointing a trustee in a Chapter 11 case is an 'extraordinary' remedy, and there is a corresponding 'strong presumption' that the debtor should be permitted to remain in possession." *Official Cmte. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 577 (3d Cir. 2003) (citations omitted).  Indeed, some federal appellate courts have said that a trustee should only be

appointed upon a showing that appointment is warranted by clear and convincing evidence. *See, e.g.*, *In re Bayou Group, LLC*, 564 F.3d 541, 546 (2d Cir. 2009); *G-I Holdings*, 385 F.3d at 317-18. *But see In re Byrd*, No. 04-35620, 2007 WL 4287548, at *13 n.3 (Bankr. D. Md. Dec. 5, 2007) (opining that the clear and convincing standard "appears to be stricter than the Fourth Circuit's approach," although finding in the case before it that, "even under this stringent standard, . . . there was overwhelming, clear and convincing evidence that the appointment of a Chapter 11 trustee was appropriate").

The fact that the estate in a Chapter 11 proceeding is, unless otherwise ordered, managed by the debtor in possession, rather than a trustee, renders moot the Bankruptcy Court's dismissal of Count I of Prologo's Adversary Complaint, which is the subject of the appeal in Case No. ELH-12-55 (*i.e.*, the appeal from the Adversary Order in Adversary No. 11-301). The Bankruptcy Court concluded that dismissal of Count I was appropriate because, as the Bankruptcy Court saw it, Prologo lacked standing to pursue what was, in essence, an action to avoid a lien, especially where the Chapter 13 Trustee had already initiated a separate adversary proceeding (Adversary No. 11-808) for the same purpose. The Bankruptcy Court reasoned that 11 U.S.C. § 544 vests the authority to avoid liens with the trustee. But, in a Chapter 11 proceeding, "a debtor in possession" has "all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee." 11 U.S.C. § 1107(a). *See In re Maxway Corp.*, 27 F.3d 980, 983 (4th Cir. 1994) ("Section 1107(a) confers upon a debtor in possession the power and authority of a Chapter 11 trustee."). Moreover, conversion of a proceeding from Chapter 13 to Chapter 11 automatically terminates the appointment of the Chapter 13 trustee, *see* 11 U.S.C. § 348(e), and a Chapter 11 debtor is the "debtor in possession," by definition, unless and until the

Case 1:12-cv-00054-ELH   Document 19   Filed 03/16/12   Page 13 of 20

debtor is replaced in that capacity by assignment of a trustee pursuant to 11 U.S.C. § 1104. *See* 11 U.S.C. § 1101(1).

Therefore, regardless of whether the Bankruptcy Court was correct that Count I of the Adversary Complaint was, in substance, a lien avoidance action under 11 U.S.C. § 544, and regardless of whether the court was correct that Prologo lacked standing to pursue such an avoidance claim in the context of a Chapter 13 proceeding, Prologo clearly has the authority, as debtor in possession, to pursue such a claim in the context of Chapter 11. *See In re MS55, Inc.*, 477 F.3d 1131, 1134 (10th Cir. 2007) ("Under the bankruptcy code, a debtor-in-possession has the powers of a trustee and, as such, the authority to bring avoidance actions.") (internal citation omitted); *see also In re PWS Holding Corp.*, 303 F.3d 308, 314 & n.5 (3d Cir. 2002); *Gleischman Sumner Co. v. King, Weiser, Edelman & Bazar*, 69 F.3d 799, 801 (7th Cir. 1995); *Indian Motocycle Assocs. II Ltd P'ship v. Mass. Hous. Fin. Agency*, 66 F.3d 1246, 1252 (1st Cir. 1995); *In re Maxway Corp.*, *supra*, 27 F.3d 980, 983 (4th Cir. 1994); *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520, 1523 (10th Cir. 1990).   Accordingly, Prologo's appeal from the Bankruptcy Court's determination is now moot.[9]

Prologo's appeal in Case No. ELH-12-54, seeking review of the Claim Order entered in the underlying bankruptcy case, is also moot, albeit for different reasons. As discussed, in the Claim Order, the Bankruptcy Court overruled Prologo's objection to the late filing of Flagstar's proof of claim, but expressly declined to rule on any aspect of the claim's validity, other than its timeliness.   Another judge in this district previously has concluded that, "[w]hile not directly

---

[9] The Bankruptcy Court has not appointed a trustee in the Chapter 11 proceeding, nor has a motion for it to do so been filed.  Of course, I express no opinion as to whether appointment of a trustee would be warranted or as to whether Prologo would have the authority to prosecute his claim in the context of a Chapter 11 proceeding in which a trustee is appointed.  I also express no view as to whether the Bankruptcy Court's ruling as to standing was correct in the Chapter 13 context, or whether Count I of the Adversary Complaint might be deficient for other reasons not presented by the record on appeal.

addressed by the Bankruptcy Code or Rules," a conversion to Chapter 11 implicitly requires the establishment of a "new bar date" for claims. *In re Bartel*, Civ. No. HAR-92-2132, 1993 WL 56786, at *3 n.5 (D. Md. Feb. 2, 1993).[10]   Because a new bar date will be established in the underlying bankruptcy proceeding, Flagstar's failure to file a timely proof of claim in the Chapter 13 proceeding is of no moment.

For all of the foregoing reasons, both appeals are moot.  "The customary practice when a case is rendered moot on appeal is to vacate the moot aspects of the lower court's judgment." *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010); *see also Alvarez v. Smith*, ___ U.S. ___, 130 S. Ct. 576, 581 (2009) (explaining that courts "normally . . . vacate the lower court judgment in a moot case because doing so clears the path for future relitigation of the issues between the parties") (internal quotation marks omitted).  However, vacatur is warranted "'only where mootness has occurred through happenstance, rather than through the voluntary action of the losing party.'" *Norfolk*, 608 F.3d at 162 (quoting *Mellen v. Bunting*, 327 F.3d 355, 364 (4th Cir. 2003)).  Here, the case has been rendered moot because Prologo moved, successfully, to convert the underlying bankruptcy case to a proceeding under Chapter 11. Accordingly, in my view, dismissal and remand, without vacatur and without prejudice, is appropriate.[11]

---

[10]   When a bankruptcy proceeding under Chapter 11, 12, or 13 is converted to a Chapter 7 proceeding, Fed. R. Bankr. P. 1019(2) expressly requires establishment of a new bar date.  Fed. R. Bankr. P. 1019 does not address conversions to Chapter 11.  However, unlike other chapters of the Bankruptcy Code, the bar date in a Chapter 11 proceeding is not fixed by statute or rule. Rather, the bar date "is set at the discretion of the court." *In re Arch Wireless, Inc.*, 534 F.3d 76, 85 (1st Cir. 2008); *see* Fed. R. Bankr. P. 3003(c)(3) (in a Chapter 11 case, the "court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed").

[11]   In declining to vacate the orders of the Bankruptcy Court, I do not imply that the issues that the orders concerned may not be relitigated on remand.

<u>B.  Finality</u>

As an alternative basis for my ruling, it is clear that the orders from which Prologo noted his appeals are neither final, appealable orders nor orders as to which interlocutory review would be appropriate.  Therefore, even if the appeals were not moot, they would still be subject to dismissal for lack of appellate jurisdiction.

A district court's appellate jurisdiction over orders of a bankruptcy court is established by 28 U.S.C. § 158(a).  It provides, in relevant part, *id.* (emphasis added):

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from *final* judgments, orders, and decrees;
> >
> > (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title [for filing a bankruptcy plan[12]]; and
> >
> > (3) *with leave of the court, from other interlocutory orders and decrees*[.]

The Fourth Circuit recently discussed the appealability of bankruptcy court orders in *McDow v. Dudley*, 662 F.3d 284, 286-87 (4th Cir. 2011):

> We have recognized as a general matter, as have other courts of appeals, that "the concept of finality in bankruptcy cases 'has traditionally been applied in a more pragmatic and less technical way . . . than in other situations.'"  *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 660 (4th Cir. 2005) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1009 (4th Cir. 1986) (alteration in original)); *see also In re ASARCO, L.L.C.*, 650 F.3d 593, 599-600 (5th Cir. 2011); *In re Marcal Paper Mills, Inc.*, 650 F.3d 311, 314 (3d Cir. 2011); *Ritchie Special Credit Invs., Ltd. v. U.S. Trustee*, 620 F.3d 847, 852 (8th Cir. 2010); *In re McKinney*, 610 F.3d 399, 401-02 (7th Cir. 2010); *In re Rudler*, 576 F.3d 37, 43-44 (1st Cir. 2009). As we explained in *A.H. Robins Co.*:
>
> > The special or unique reason for this relaxed rule of appealability in bankruptcy is that "[b]ankruptcy cases frequently involve

---

[12]  Neither of the orders at issue here is the type of interlocutory order to which § 158(a)(2) refers.  Moreover, neither of the orders on appeal is subject to the "collateral order doctrine," which authorizes appeal from some type of orders not addressed by § 158(a), because neither order is "'completely separate from the merits of [the] action, and . . . effectively unreviewable on appeal from a final judgment.'"  *In re Computer Learning Ctrs., Inc.*, 407 F.3d 656, 662 (4th Cir. 2005) (citation omitted).

> protracted proceedings with many parties participating. To avoid
> the waste of time and resources that might result from reviewing
> discrete portions of the action only after a plan of reorganization is
> approved, courts have permitted appellate review of orders that in
> other contexts might be considered interlocutory."

788 F.2d at 1009 (quoting *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir. 1985)). Thus, because of the special nature of bankruptcy proceedings, which often involve multiple parties, claims, and procedures, the postponing of review by the district court and the court of appeals of discrete issues could result in the waste of valuable time and already scarce resources. *See id.* at 1009; *see also In re Northwood Props., LLC*, 509 F.3d 15, 21 (1st Cir. 2007). We have concluded, therefore, that "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case." *In re Computer Learning Ctrs., Inc.*, 407 F.3d at 660 (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)).

Despite the "more pragmatic and less technical" conception of finality that applies with respect to a bankruptcy appeal, *A.H. Robins Co.*, 788 F.2d at 1009, "an order must 'conclusively determine[ ] a separable dispute over a creditor's claim or priority,'" in order to be considered final. *In re Urban Broadcasting Corp.*, 401 F.3d 236, 247 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d at 445-46). In other words, a final, appealable order is one that "finally dispose[s] of discrete disputes within the larger case." *In re Computer Learning Ctrs.*, 407 F.3d at 660. The orders from which Prologo seeks to appeal do not meet that standard.

The Adversary Order dismissed with prejudice only one count of Prologo's Complaint against Flagstar (Count I). As to Count II, the Adversary Order expressly permitted Prologo to file an amended complaint. The Fourth Circuit has stated:

> Generally, an order dismissing a complaint without prejudice is not an appealable
> final order under 28 U.S.C. § 1291 when 'the plaintiff could save his action by
> merely amending his complaint.' However, 'if the grounds of the dismissal make
> clear that no amendment could cure the defects in the plaintiff's case, the order
> dismissing the complaint is final in fact,' and appellate jurisdiction exists.

*Young v. Nickols*, 413 F.3d 416, 418 (4th Cir. 2005) (quoting *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993)); *see also De'Lonta v.*

*Angelone*, 330 F.3d 630, 633 n.3 (4th Cir. 2003).

The Bankruptcy Court's express authorization to Prologo to file an amended complaint deprived the Adversary Order of finality.  This is made clear by the fact that Prologo repeatedly sought, and was granted, extensions of time to file an amended complaint, and ultimately filed one.  Thus, at least one of Prologo's claims against Flagstar in the adversary proceeding remains to be resolved.  "An order dismissing some but not all claims is not final and not immediately appealable."  *Mathers v. Wright*, 636 F.3d 396, 398 (8th Cir. 2011).  Moreover, the Bankruptcy Court dismissed Count I of Prologo's Complaint because the Chapter 13 Trustee had initiated a substantially similar avoidance action as to Flagstar's lien, concerning essentially the same dispute.  That adversary proceeding (Adversary No. 11-808) was pending at the time Prologo noted his appeals and, like Prologo's adversary proceeding, remains pending as of this writing.

As Chief Judge Deborah K. Chasanow concluded in analogous circumstances in *In re Rood*, 426 B.R. 538, 547 (D. Md. 2010) (citation omitted): "The fact that the adversary proceeding continued after the [order on appeal] was granted—indeed, it is still ongoing— demonstrates that the order did not finally determine the substantive rights of the [appellants] in the bankruptcy case, nor did it 'finally dispose of discrete disputes within the larger case.'"  In sum, the Adversary Order plainly did not finally dispose of the parties' discrete dispute regarding the validity or secured status of Flagstar's interest in the Property.

As to the Claim Order, it was limited by its terms to the timeliness of Flagstar's proof of claim.  The Claim Order expressly stated that it was entered without prejudice to the right of Prologo or any other party to object to the claim on any ground other than timeliness.  Ordinarily, an order permitting the late filing of a proof of claim in bankruptcy, without more, is not considered a final, appealable order, because such an order "can be reviewed after a

- 17 -

determination on the merits of the claim, if the late filing is still an issue." *In re Charter Co.*, 76 B.R. 191, 194 (M.D. Fla. 1987); *accord In re X-Cel, Inc.*, 68 B.R. 131, 133 (N.D. Ill. 1986) (holding that order permitting late filing of claim was non-final, where bankruptcy court "explicitly left open the opportunity for X-Cel to contest the validity of IIC's proof of claim notwithstanding the denial of its procedural objection to the claim's filing"); *see also In re Eagle Bus. Mfg., Inc.*, 62 F.3d 730, 733-34 (5th Cir. 1995) (holding that order permitting late filing of claim in bankruptcy was appealable, and expressly distinguishing *Charter* and *X-Cel*, where bankruptcy plan had already been confirmed, such that "once a proof of claim is filed it must go through the compulsory ADR program"; therefore, after ruling on the claim's timeliness, "the bankruptcy court was left with no dispute or issue to resolve").

Thus, I am satisfied that neither of the orders at issue is a final order. Nevertheless, 28 U.S.C. § 158(a)(3) grants this Court appellate jurisdiction over interlocutory, non-final orders of the Bankruptcy Court, so long as this Court grants leave to appeal. Leave to appeal is governed by Rule 8003 of the Federal Rules of Bankruptcy Procedure. A request for leave to appeal ordinarily must be made by motion. *See* Fed. R. Bankr. P. 8003(a)-(b). In this case, no motion for leave to appeal has been filed. However, Rule 8003(c) provides, in part:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

In other words, where a party has noted a timely appeal from an interlocutory order, but has not filed a motion for leave to appeal, "Rule 8003(c) requires the district court to make one of the following three choices: (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal." *In re Faragalla*, 422 F.3d 1208, 1211 (10th Cir. 2005). "The decision to deny

leave to appeal an interlocutory bankruptcy order is purely discretionary." *In re M & S Grading, Inc.*, 526 F.3d 363, 371 (8th Cir. 2008).

Pursuant to Rule 8003, I directed Prologo to file a motion for leave to appeal. However, he did not do so, instead insisting (incorrectly) that the orders from which he appeals were final, appealable orders. Despite Prologo's failure to move for leave to appeal, I have considered Prologo's notices of appeal as motions for leave to appeal, pursuant to Rule 8003(c), and exercise my discretion to deny leave to appeal.

When a litigant seeks leave to appeal from an interlocutory order of a bankruptcy court, the district courts in this circuit have found guidance in the standard for certification of orders for interlocutory review by the circuit courts of appeal under 28 U.S.C. § 1292(b). *See, e.g.*, *Rood*, *supra*, 426 B.R. at 548; *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000); *Atl. Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996); *In re Swann Ltd. P'ship*, 128 B.R. 138, 140 (D. Md. 1991). That statute permits certification of an interlocutory appeal when (1) the "order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; <u>and</u> (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Both of the orders from which Prologo appeals fail the first prong of the § 1292(b) test: they do not involve controlling questions of law. Accordingly, I need not consider whether there is a substantial ground for difference of opinion as to the orders, or whether immediate appeal would materially advance the termination of the litigation. "'An order involves a controlling question of law when either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation.'" *Rood*, 426 B.R. at 548 (quoting *In re Travelstead*, 250 B.R. 862, 865–66 (D. Md.

2000)).  Put another way, a controlling question of law is "'a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes.'"  *Rood*, 426 B.R. at 548 (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. April 26, 1989) (unreported) (table)).

As to the Adversary Order, it merely held that the Chapter 13 Trustee, and not Prologo, was entitled to seek avoidance of Flagstar's lien.  The controlling issue of law raised by Count I of the Adversary Complaint (*i.e.*, whether the lien should be avoided, not who was entitled to seek avoidance) was not resolved.  With regard to the Claim Order, it concerned only the timeliness of Flagstar's claim, not whether the claim ultimately had merit.  Perhaps, if the Claim Order were reversed, it would be dispositive of the litigation in the sense of precluding Flagstar's claim, but the Claim Order certainly is not dispositive of the litigation "'whichever way it goes.'"  *Rood*, 426 B.R. at 548 (quoting *Fannin*).  Accordingly, neither Order is appropriate for interlocutory review.

## Conclusion

For the foregoing reasons, Prologo's appeals will be dismissed, without prejudice, and these cases will be remanded to the Bankruptcy Court.  Prologo's motions for extensions of time will be denied as moot.  An Order implementing these rulings follows.


Date:   March 16, 2012                          _____/s/_____
                                                Ellen Lipton Hollander
                                                United States District Judge